UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| LORETTA A. BROCK, | ) | |
| | ) | |
| v. | ) | NO. 2:11-CV-60 |
| | ) | |
| MARYVILLE COLLECTION | ) | |
| SERVICE, INC., SARAH BRANTON | ) | |
| aka TRACY THOMAS, and JENNIFER | ) | |
| RODRIGUEZ aka KAYE BAKER | ) | |

**ORDER**

This matter is brought for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Pending before the Court is the plaintiff's motion to dismiss the counterclaims of defendant Maryville Collection Service, Inc. ("MCS"). [Doc. 7]. MCS has responded to the motion.

In its Counterclaim, MCS alleges that plaintiff's decision to file this lawsuit constitutes abuse of process (Count I) and violates 15 U.S.C. § 1692k(a)(3) (Count II). [Doc. 12-1 at 14]. With respect to Count I, MCS requests unspecified relief plus attorney's fees. [Id.] With respect to Count II, MCS requests attorney's fees. [Id.] Plaintiff asserts that dismissal of these counts is warranted either pursuant to Federal Rule of Civil Procedure 13(a) for lack of subject matter jurisdiction or pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Such arguments are well-taken and the Court will discuss each in turn.

I. MCS' COUNTERCLAIM FOR ATTORNEY'S FEES PURSUANT TO 15 U.S.C. § 1692k(a)(3) (COUNT II) FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the

claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," id. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, this Court need not "accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## ANALYSIS

Section 1692k(a)(3) of the FDCPA states:

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a)(3).

Although some courts have found that this statute authorizes a counterclaim for attorney's fees, *see Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d. Cir. 1989), the majority of cases to consider

2

this issue have instead dismissed the counterclaim as premature or for lack of a statutory cause of action, permitting defendants to renew attorney's fee requests at the conclusion of the case. *See, e.g., Hardin v. Folger*, 704 F.Supp. 355, 356-57 (W.D.N.Y.) 1988) (dismissing the counterclaim because section 1692k(a)(3) "provides *relief*, but not a claim, to defendants" and noting that the decision to grant attorney's fees was itself discretionary following a determination by the Court that the action was brought in bad faith); *Kropf v. TCA, Inc*., 752 F.Supp.2d 797, 801 (E.D. Mich. 2010) (dismissing the defendant's counterclaim but permitting it to request attorney's fees via a motion filed at a later stage in the proceedings).

The Court agrees with the reasoning of these latter cases and concludes that the purpose of section 1692k(a)(3) is not to provide defendants with a cause of action but rather to provide relief to a defendant subjected to litigation brought in bad faith. This conclusion is supported by the plain language of the statute, cited *supra*, indicating that a defendant may seek relief under the FDCPA only after a finding by the court that the plaintiff's action was brought in bad faith. It necessarily flows that upon such a finding by the Court, the defendant would seek relief by filing a motion for attorney's fees under the FDCPA. Furthermore, this proposition is consistent with Rule 54 of the Federal Rules of Civil Procedure, which dictates that claims for attorney's fees are to be made by motion "unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).

For the foregoing reasons, the Court finds that Count II fails to state a cognizable claim. However, the defendant may file a motion for attorney's fees under 15 U.S.C. § 1692k(a)(3) at the appropriate time at the conclusion of the litigation.

II. <u>THE COURT LACKS SUBJECT MATTER JURISDICTION OVER MCS' COUNTERCLAIM FOR ABUSE OF PROCESS (COUNT I).</u>

Plaintiff's claim presents a federal question under the FDCPA; MCS' counterclaim, however, is a state law claim, and presents no independent basis for federal jurisdiction. Such a counterclaim is

3

within the ancillary jurisdiction of the federal district court only if it is a compulsory counterclaim under Federal Rule of Civil Procedure 13(a). *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1 (1974); *Maddox v. Kentucky Finance Co., Inc.*, 736 F.2d 380, 382 (6th Cir. 1984).

Federal Rule of Civil Procedure 13 governs the assertion of counterclaims in federal court and requires that a compulsory counterclaim "arise[ ] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). In the majority of courts, including the Sixth Circuit, the "logical relation" test is used to determine whether two claims arise out of the same transaction or occurrence. *Maddox*, 736 F.2d at 382; *United States v. Southern Construction Company*, 293 F.2d 493, 500 (6th Cir. 1961). "This flexible approach to Rule 13 problems attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all of the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987) (quoting *Harris v. Steinem*, 571 F.2d 119, 123 (2d. Cir. 1978)).

Even under the liberal "logical relation" test, the Court finds that MCS' counterclaim for abuse of process is not mandatory because it did not arise out of the same transaction or occurrence that precipitated plaintiff's claims. Plaintiff filed her FDCPA action because of MCS' alleged conduct with regard to MCS' efforts to collect the debt owed by plaintiff. As a result, resolution of this matter will focus upon whether MCS' conduct in attempting to collect the debt violated the FDCPA. MCS, on the other hand, filed its counterclaim because it alleges that this suit was brought for improper purposes. Resolution of this issue will not focus at all upon MCS' conduct in collecting the debt. Rather, the focus will be upon plaintiff's conduct in instituting this action, and whether the action was brought for improper purposes. Thus, the Court finds that the "essential facts" of the claims are not so logically connected as to require resolution within the same suit. Accordingly, the Court concludes that MCS'

4

counterclaim is not compulsory and, consequently, that the Court has no jurisdiction to hear the counterclaim.

## **CONCLUSION**

For the reasons cited herein, plaintiff's motion to dismiss the counterclaims of defendant MCS [Doc. 7] is GRANTED. MCS' counterclaim for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) (Count II) is DISMISSED WITHOUT PREJUDICE and MCS' counterclaim for abuse of process (Count I) is DISMISSED WITHOUT PREJUDICE.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
